STATE OF NORTH CAROLINA v. ROY TIMOTHY HOOTS AND MYRON BALE PACE

No. 7629SC1037

(Filed 18 May 1977)

1. Kidnapping § 2— sufficiency of evidence

Evidence was sufficient for the jury in a prosecution for kidnapping where it tended to show that defendants enticed the victims to go with them to a named place for the alleged purpose of drinking beer; the real purpose was to get them alone so that defendants' friends could question them concerning the whereabouts of stolen marijuana allegedly belonging to one of the friends; defendants watched over the victims to keep them from getting away and defendants otherwise assisted their friends by holding the victims at bay while the friends assaulted them and tied them up. G.S. 14-39(a).

2. Kidnapping § 2— purpose of confinement or constraint of victim — obtaining information — jury instruction erroneous

The trial court in a kidnapping prosecution erred in giving the jury an instruction which permitted them to find either of the defendants guilty of kidnapping if they found from the evidence that he confined, restrained, or removed from one place to another either victim for the purpose of obtaining information, since such a purpose is not one of the proscribed purposes set out in G.S. 14-39(a).

APPEAL by defendants from *Bailey, Judge.* Judgments entered 18 August in Superior Court, POLK County. Heard in the Court of Appeals 5 May 1977.

Each of the defendants, Roy Timothy Hoots and Myron Bale Pace, was charged in separate bills of indictment, proper in form, with the kidnapping of Wendell F. Gilbert and Stanley M. Johnson, in violation of G.S. 14-39. Upon the defendants' pleas of not guilty, the State offered evidence tending to show the following:

Several weeks prior to 15 January 1976, Frankie Revis, Stanley Case, and defendants had a discussion concerning

$6,000 of marijuana stolen from Revis. Revis believed that Stanley Johnson and Wendell Gilbert, both nineteen years of age, had stolen the marijuana and desired to recover it from them. On 15 January 1976 the four boys agreed to attempt to get Gilbert and Johnson alone so that they could try to make them tell the whereabouts of the marijuana. It was stated that Revis and Case would use physical violence, if need be, in order to get Gilbert and Johnson to talk. On the night of 15 January, Case and the defendants persuaded Gilbert and Johnson to meet them on Cove Mountain to drink beer. On the way up to Cove Mountain, Pace stopped and phoned Revis to tell him to meet them there.

All six boys were drinking beer and smoking marijuana in Johnson's car, parked on Cove Mountain, when Revis and Case pulled Johnson and Gilbert out of the car and began assaulting them. The defendants did not strike the victims, but they did position themselves so as to hem Gilbert between two cars while Revis assaulted him. During the assault defendant Hoots pretended to give Revis a knife so that he could feign stabbing Gilbert. Revis and Case threatened to torture the victims if they did not disclose the whereabouts of the marijuana. Revis tied Gilbert's hands behind his back with wire, and he and Case left to buy some rope to finish tying the victims, instructing defendants to watch them until they returned with the rope. During the five minutes that Revis and Case were absent, defendants remained with the victims but neither of them attempted to get away. Defendants did suggest to Gilbert and Johnson that they tell Case and Revis where the marijuana was located. Upon their return Revis and Case "hog tied" the victims, and with defendants' assistance loaded them into Revis' car. Defendants then left, and Revis and Case drove the victims over to Camp Creek where they tied them to a tree. Revis and Case then left, and shortly thereafter the victims escaped. Subsequently, Revis and Case with defendant Hoots and Hoots' wife returned to show her what they had done and discovered that the victims had escaped.

The defendants offered evidence tending to show the following:

Each defendant believed that the meeting with Gilbert and Johnson was merely for the purpose of talking with them about the stolen marijuana. Neither of them struck or tied up either

of the victims or helped load them into the car. They did not restrain the victims from leaving while Revis and Case had gone to buy the rope.

Each defendant was found guilty of the nonaggravated kidnapping of both Gilbert and Johnson. From the judgments of the court imposing upon defendants a prison sentence of five years in the case of kidnapping Gilbert, and a consecutive prison sentence of five years, suspended upon conditions, in the case of kidnapping Johnson, defendants appealed.

*Attorney General Edmisten by Associate Attorney William H. Boone for the State.*

*Story, Hunter & Goldsmith by C. Frank Goldsmith, Jr., for defendant appellants.*

HEDRICK, Judge.

Subsection (a) of G.S. 14-39, the kidnapping statute which became effective on 1 July 1975, provides:

"Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person."

[1] Defendants contend the court erred in denying their motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. We hold that the evidence was sufficient to require the submission of the cases to the jury as to these defendants on the charges of kidnapping.

State v. Hoots

**[2]** Defendants excepted to and assign as error the following portions of the court's instruction to the jury:

"In order for you to find any defendant guilty of aggravated kidnapping there are six things that the State must prove each beyond a reasonable doubt. . . . Third, that the defendant did this [unlawfully confined, restrained, or removed from one place to another either of the victims] for the *purpose of obtaining information* or terrorizing either Mr. Gilbert or Mr. Johnson, or both or neither (sic) . . . . Therefore, I charge you that if you find from the evidence and beyond a reasonable doubt that . . . Mr. Hoots or Mr. Pace unlawfully restrained Mr. Gilbert or Mr. Johnson or both or participated in the removal of either from Cove Mountain to another place for the *purpose of obtaining information* from Mr. Gilbert or Mr. Johnson, or for the purpose of terrorizing Mr. Gilbert or Mr. Johnson . . . it would be your duty to return a verdict of guilty as to that particular charge. . . . Therefore, I charge you that if you find from the evidence and beyond a reasonable doubt that . . . either defendant unlawfully restrained Mr. Gilbert or Mr. Johnson, or removed him or participated in the removal of him from Cove Mountain to a place where he was tied to a tree . . . and that he did this for the *purpose of obtaining information* or terrorizing either of these victims . . . then the defendants would be guilty of kidnapping." (Emphasis added.)

The challenged instruction permitted the jury in this case to find either of the defendants guilty of kidnapping if they found from the evidence that he confined, restrained, or removed from one place to another Gilbert or Johnson for the purpose of obtaining information, even though such a purpose is not one of the proscribed purposes set out in G.S. 14-39(a). For error in the charge defendants are entitled to a new trial.

It is not necessary that we discuss defendants' numerous other assignments of error.

New trial.

Judges MORRIS and ARNOLD concur.